IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW McCALLUM,

Plaintiff,

v.

BOISE CASCADE, LLC,

Defendant.

CV-06-1834-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

Plaintiff, Matthew McCallum, filed this action against his former employer, Boise Cascade, LLC ("Boise Cascade"), alleging that his January 10, 2006 termination was in retaliation for filing a safety complaint with Oregon's Occupational Safety and Health Division in March 2005, or for filing discrimination complaints with Oregon's Bureau of Labor and Industries and/or the federal Equal Employment Opportunities Commission in May and October 2005 and January 2006. Alternatively, McCallum alleged that he was terminated because Boise Cascade regarded him as having a psychological disability for which Boise Cascade forced him to submit to treatment in May and June 2005.

McCallum alleged five claims for: (1) disability discrimination in employment in violation of the Americans With Disabilities Act, 42 USC §§ 12111-17; (2) disability discrimination in violation of ORS 659A.112; (3) safety violation whistleblower retaliation in violation of ORS 654.062; (4) wrongful discharge; and (5) negligent hiring, supervision, training, and retention. On February 25, 2008, Boise Cascade filed a Motion for Summary Judgment (docket #25) against each of these claims. This court granted that motion and entered judgment in favor of Boise Cascade on September 15, 2008. Judgment (docket #73) and Order (docket #72), adopting Findings and Recommendation dated July 7, 2008 (docket #61).

As the prevailing party Boise Cascade has now filed a Bill of Costs (docket #74), seeking $2,690.05. No response has been filed. For the reasons set forth below, the Bill of Costs should be GRANTED IN PART and DENIED IN PART, and Boise Cascade should be granted costs in the reduced sum of $1,784.30.

## FINDINGS

### I. Legal Standard

According to FRCP 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." This rule creates a presumption in favor of awarding costs to the prevailing party. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.,* 342 F3d 1016, 1022 (9th Cir 2003). Awarding costs to the prevailing party is not penal, but "merely represents the fair price of unsuccessful litigation." *Baez v. U.S. Dep't of Justice,* 684 F2d 999, 1003 (DC Cir 1982). The expenses which may be taxed as costs are enumerated as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees and expenses of special interpretation services under section 1828 of this title.

28 USC § 1920.

Costs not listed in § 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 US 437, 440 (1987). However, a court retains the discretion to allow or disallow costs to a prevailing party based on a variety of factors. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F3d 572, 592 (9th Cir 2000).

**II. <u>Video Deposition</u>**

Boise Cascade seeks $805.75 for the costs associated with videotaping McCallum's deposition. Bill of Costs, Ex. 2, pp. 1, 3. This request is in addition to the cost of the stenographic transcript of McCallum's deposition. *Id*, Ex. 2, pp. 1-2. Several courts have awarded costs under 28 USC § 1920 for both a videotaped and a stenographic transcript of the deposition where both were reasonably necessary for the litigation. *See*, *e.g.*, *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F3d 415, 419-20 (6th Cir 2005); *Tilton v. Capital Cities/ABC, Inc.*, 115 F3d 1471, 1478 (10th Cir 1997).

This case was decided on summary judgment based on copies of the stenographic transcript. Boise Cascade may well have justifications for videotaping McCallum's deposition, but has offered none of those reasons to support this requested cost. Accordingly, the $805.75 in costs for videotaping McCallum's deposition should be denied.

**III. Pro Hac Vice Application**

Boise Cascade also seeks $100.00 as "Fees of the Clerk." Bill of Costs, p. 1. The requested fee is the amount charged for filing the *pro hac vice* application of Monica Cockerille (docket #6) on February 2, 2007. Cockerille is an Idaho attorney who was admitted *pro hac vice* after Boise Cascade's local counsel filed an Answer (docket #4) and a Corporate Disclosure Statement (docket #5) on January 29, 2007. Boise Cascade's decision to seek the admission of out-of-state counsel in addition to its local counsel was entirely discretionary on its part. Cockerille did not appear at the hearing on the summary judgment motion nor is there any evidence of her substantial participation in the briefing on that issue. Minute Order dated June 16, 2008 (docket #59) (noting appearance by Calvin Keith at summary judgment hearing). For these reasons, the requested cost of $100.00 for the filing of Cockerille's *pro hac vice* application should be denied.

**RECOMMENDATION**

For the reasons set forth above, Boise Cascade's Bill of Costs (docket #74) should be GRANTED IN PART and DENIED IN PART, and costs should be taxed in the reduced sum of $1,784.30.

DATED this 28th day of October, 2008.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge